IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JARROD GANT,

    Plaintiff,

v.

BREANNA THOMPSON, et al.

    Defendants.

ORDER

Case No. 24-cv-61-jdp

---

JARROD GANT,

    Plaintiff,

v.

SAWYER SCHMITZ, et al.

    Defendants.

ORDER

Case No. 24-cv-62-jdp

---

Plaintiff Jarrod Gant, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted two proposed civil actions under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of a trust fund account statement in support of the motions for leave to proceed without prepaying the filing fee. After considering the motions and supporting documentation, I conclude that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from plaintiff's trust fund account statement for the six-month period preceding the complaints, I calculate plaintiff's initial partial payment to be $1.54 for each case. For these cases to proceed, plaintiff must submit these amounts or the total amount of $3.08 on or before February 22, 2024.

If plaintiff does not have enough money to make the initial partial payments from a regular inmate account, then plaintiff should arrange with prison authorities to make the payments from a release account. However, prison officials will draw funds first from the plaintiff's regular account, and then, if any portion of a payment remains, from the plaintiff's release account. *Carter v. Bennett*, 399 F. Supp. 2d 936 (W.D. Wis. 2005). Federal courts have no authority to order state officials to allow a prisoner to withdraw funds from a release account for any other purpose. *Id*.

ORDER

IT IS ORDERED that:

1. Plaintiff Jarrod Gant is assessed an initial partial payment of $1.54 for case 24-cv-61-jdp and an initial partial payment of $1.54 for case 24-cv-62-jdp. Plaintiff must submit a check or money order for the $1.54 payments for each case (or a single check in the total amount of $3.08) payable to the clerk of court by February 22, 2024 or advise the court in writing why plaintiff is not able to make the initial partial payments.

2. If plaintiff fails to make the initial partial payments by February 22, 2024, or fails to show cause why the payment could not be made, then I will assume that plaintiff wishes to withdraw the actions voluntarily. In that event, the cases will be dismissed without prejudice to plaintiff refiling at a later date.

3. No further action will be taken in these cases until the clerk's office receives the initial partial payments as directed above and the court has screened the complaint as required

by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

Entered this 25th day of January, 2024.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge