IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JARROD NICHOLAS GANT,

                              Plaintiff,                          OPINION and ORDER

        v.                                                        24-cv-61-jdp

BREANNA THOMPSON,

                              Defendant.

---

Plaintiff Jarrod Nicholas Gant is incarcerated at Wisconsin Secure Program Facility, but he was incarcerated at Dodge Correctional Institution (DCI) when the events at issue occurred. I allowed Gant to proceed on Eighth Amendment claims against defendant Breanna Thompson, a DCI employee, based on allegations that she disregarded his threats of self-harm and deprived him of medical care on May 19, 2023. *See* Dkt. 8 at 2–3, 5–6. Thompson moves for summary judgment, contending that Gant failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Dkt. 15. Gant didn't respond to the motion. I will grant the motion and dismiss this case without prejudice.

BACKGROUND

Gant filed an inmate complaint related to his claims. Dkt. 17 ¶¶ 7–8; Dkt. 17-2 at 11–13. The institution complaint examiner recommending dismissing the inmate complaint, concluding that Thompson acted appropriately and didn't violate any work rules during the incident. Dkt. 17-2 at 2. The reviewing authority approved this recommendation. *Id.* at 4.

Gant appealed. *Id.* at 26–30. The corrections complaint examiner recommended rejecting the appeal because it exceeded two pages and 500 total words. *Id.* at 6. The office of the secretary approved this recommendation and dismissed the appeal. *Id.* at 7.

## PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. A prisoner must file a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code DOC § 310.07(2). If the complaint is not rejected, the institution complaint examiner recommends affirming or dismissing the complaint to the reviewing authority. *See id.*

§ 310.10(12). The reviewing authority then affirms the complaint, dismisses it, or returns it to the complaint examiner for further investigation. Wis. Admin. Code DOC § 310.11(1)–(2).

The prisoner may appeal the reviewing authority's decision within 14 days to the corrections complaint examiner. Wis. Admin. Code DOC § 310.12(1). The appeal may not exceed 500 words or two pages. *See* Wis. Admin. Code DOC §§ 310.09(2)(e), 310.12(2), (5). The office of the secretary makes a final decision, affirming or dismissing the corrections complaint examiner's recommendation, or returning the appeal for further investigation. Wis. Admin. Code DOC § 310.13(2)–(3). "[A] procedural shortcoming . . . amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming [in rejecting an appeal]." *See Conyers*, 416 F.3d at 585.

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Thompson bears the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

Thompson has shown that Gant failed to exhaust available administrative remedies because Gant did not follow the required process in appealing to the corrections compliant examiner. The secretary dismissed Gant's appeal for exceeding two pages and 500 words, and the evidence supports that determination. *See* Dkt. 17-2 at 26–30. The DOC's administrative process was available to Gant because he filed the inmate complaint at issue and appealed its dismissal. I will grant Thompson's motion and dismiss this case without prejudice for failure to exhaust administrative remedies.

ORDER

IT IS ORDERED that:

1.  Defendant Breanna Thompson's motion for summary judgment, Dkt. 15, is
    GRANTED, with the result that this case is DISMISSED without prejudice for
    failure to exhaust administrative remedies.

2.  The clerk of court is directed to enter judgment and close the case.

Entered October 28, 2024.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge